******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## STATE OF CONNECTICUT *v.* JERMAINE HARRIS
## (AC 39432)

DiPentima, C. J., and Elgo and Beach, Js.

*Syllabus*

Convicted of the crime of criminal possession of a firearm after a trial to the court, the defendant appealed to this court, claiming, inter alia, that the evidence was insufficient to support his conviction. The defendant had been charged with murder and several other crimes in connection with the shooting death of the victim. He elected a jury trial as to all of the charges except for the charge of criminal possession of a firearm, for which he elected a trial to the court. After the jury was unable to reach a verdict, the court declared a mistrial with respect to the other charges and found the defendant guilty of criminal possession of a firearm. *Held*:

1. The defendant could not prevail on his unpreserved claim that the trial court violated his constitutional rights to trial by jury, to a fair trial and to the presumption of innocence, which was based on his assertion that the court's finding of guilt and its sentence on the charge of criminal possession of a firearm were impermissibly based on its finding that he had committed the murder; the court's finding and sentence were founded on reliable evidence, which included trial testimony and certified records that pertained to the violent circumstances under which the defendant criminally possessed a firearm, and the court, in finding facts that happened to be relevant to the charges before the jury, was free to consider all of the evidence and to come to a conclusion about it that was different from that of the jury, and to consider the facts and circumstances appurtenant to the charge of criminal possession of a firearm in sentencing the defendant.

2. The defendant's claim that the evidence was insufficient to support his conviction of criminal possession of a firearm was unavailing; there was sufficient evidence for the trial court to conclude that the defendant had physical possession or control of, or exercised dominion over, a firearm, including testimony from a coconspirator, which was supported by video and other physical evidence, that the defendant had wielded not one, but two guns during the incident at issue.

Argued March 15—officially released July 31, 2018

*Procedural History*

Information charging the defendant with the crimes of murder, conspiracy to commit murder, felony murder, robbery in the first degree, carrying a pistol without a permit and criminal possession of a firearm, brought to the Superior Court in the judicial district of New Haven, where the charges of murder, conspiracy to commit murder, felony murder, robbery in the first degree and carrying a pistol without a permit were tried to the jury before *Alander, J.*; thereafter, the court declared a mistrial; subsequently, the charge of criminal possession of a firearm was tried to the court; judgment of guilty, from which the defendant appealed to this court. *Affirmed.*

*Naomi T. Fetterman*, assigned counsel, for the appellant (defendant).

*Timothy F. Costello*, assistant state's attorney, with whom, on the brief, were *Patrick J. Griffin*, state's attorney, *Stacey M. Miranda*, senior assistant state's attorney, and *Karen A. Roberg*, assistant state's attor-

ney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Jermaine Harris, was charged with murder, conspiracy to commit murder, felony murder, robbery in the first degree, carrying a pistol without a permit and criminal possession of a firearm. He elected a jury trial except as to the latter most charge, which was tried to the court. The jury was unable to reach a verdict.[1] The court, however, found the defendant guilty of criminal possession of a firearm in violation of General Statutes § 53a-217 (a) (1), and sentenced him to five years incarceration. He now appeals,[2] claiming that (1) the court's finding of guilt and its sentence deprived him of his constitutional rights under the sixth and fourteenth amendments to the United States constitution, and (2) there was insufficient evidence to support the conviction. We affirm the judgment of the court.

I

We first[3] address the defendant's claims that the court's finding of guilt and its sentence deprived him of his constitutional right to trial by jury as well as the due process rights to a fair trial and to the presumption of innocence. The defendant concedes that his constitutional claims are unpreserved and, therefore, requests review of them or reversal of the judgment pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989),[4] or the plain error doctrine,[5] or our supervisory authority over the administration of justice.[6]

The defendant's claims are premised on the notions that (1) "the trial court's [finding of guilt] on the criminal possession of a firearm charge was impermissibly based on its finding that [the defendant] had committed the underlying murder" and (2) "[t]he sentence imposed . . . was predicated upon the court's determination that [the defendant] was in fact the shooter."[7] We reject these arguments outright, and, therefore, decline to review the defendant's unpreserved claims.

During trial on the charge before it, the trial court was entitled to consider all the evidence presented and to come to a conclusion different from that of the jury about what that evidence proved. That much is clear from *State* v. *Knight*, 266 Conn. 658, 663–74, 835 A.2d 47 (2003), wherein our Supreme Court held that (1) a trial court sitting as concurrent fact finder with a jury is not collaterally estopped from finding facts that conflict with factual findings of a jury; id., 663–66; and (2) a court's finding of guilt is not impermissibly inconsistent with a jury's verdict of not guilty where "there were multiple triers of fact deciding separate counts, and each fact finder was consistent with itself." Id., 672. The defendant here seeks to distinguish *Knight* on the grounds that the jury failed to reach a verdict and that "it is not that the trial court's [finding of guilt] is 'inconsistent' with the jury's inability to reach a verdict but,

rather, that the trial court's [finding of guilt] is premised upon a determination that the defendant has elected to be made by the jury, not the court. . . . The court cannot independently render a determination of guilt that conflicts with the jury's findings, here the failure of the jury to reach a verdict at all." (Citation omitted.)

These are distinctions without a difference. First, despite the defendant's protestations to the contrary, the court did not convict the defendant of any crime other than criminal possession of a firearm. Rather, the court, in considering the charge before it, merely found *facts* that happened *also* to be relevant to the charges before the jury. Asking whether the court may do this is asking whether collateral estoppel applies. The answer is no. *State* v. *Knight*, supra, 266 Conn. 664 ("the doctrine of collateral estoppel does not apply to the procedurally unique situation in which several criminal charges against the same defendant have been allocated between two triers for concurrent adjudication upon virtually identical evidence" [internal quotation marks omitted]).

Second, the finder of fact "is free to consider *all* of the evidence adduced at trial in evaluating the defendant's culpability, and presumably does so . . . ." (Emphasis added; internal quotation marks omitted.) *State* v. *Sabato*, 321 Conn. 729, 742, 138 A.3d 895 (2005). Thus, we are unable to discern any error, constitutional or otherwise, with the court's consideration of, and conclusions about, the evidence presented: That some evidence may have been relevant to elements of other crimes does not mean the court cannot independently find facts that pertain to the charges before it.

Similarly, the court did not err in sentencing the defendant to the statutory maximum term of imprisonment[8] for criminal possession of a firearm. "[A] sentencing judge may appropriately conduct an inquiry broad in scope, and largely unlimited either as to the kind of information he may consider or the source from which it may come. . . . As a matter of due process, information may be considered as a basis for a sentence only if it has some minimal indicium of reliability. . . . As long as the sentencing judge has a reasonable, persuasive basis for relying on the information which [the judge] uses to fashion [the] ultimate sentence, an appellate court should not interfere with [the judge's] discretion." (Citations omitted; internal quotation marks omitted.) *State* v. *Pena*, 301 Conn. 669, 681–82, 22 A.3d 611 (2011).

Put simply, the court's finding of guilt and its sentence did not flow from a latent murder conviction, but rather were founded upon reliable evidence, i.e., sworn trial testimony and certified records, pertaining to the violent circumstances under which the defendant criminally possessed a firearm. Just as the court, sitting as a concurrent fact finder, was not estopped from finding

facts in reaching its determination of guilt, so, too, was it free to consider the facts and circumstances appurtenant to the commission of criminal possession of a firearm in sentencing the defendant.

We therefore conclude that the defendant's claims do not satisfy the third prong of *Golding* because there was no constitutional violation and the defendant was not deprived of a fair trial. See footnote 4 of this opinion. For the same reasons, we conclude that there is no error that is "patent [or] readily discernible"; (internal quotation marks omitted) *State* v. *Soyini*, 180 Conn. App. 205, 236, 183 A.3d 42, cert. denied, 328 Conn. 935, 183 A.3d 1174 (2018); or "of such monumental proportion that [it] threaten[s] to erode our system of justice and work a serious and manifest injustice" against the defendant so as to "warrant the extraordinary remedy of reversal." (Internal quotation marks omitted.) Id., 235. Similarly, this case does not present a "rare circumstance in which [constitutional, statutory and procedural] protections are inadequate to ensure the fair and just administration of the courts" that would warrant the "extraordinary" exercise of our supervisory powers. (Internal quotation marks omitted.) *State* v. *Fuller*, 158 Conn. App. 378, 392, 119 A.3d 589 (2015). Accordingly, we decline to review the claims or to reverse the defendant's conviction under any of the extraordinary means invoked by the defendant.

II

We turn now to the defendant's claim that the evidence was insufficient to support his conviction by the court of criminal possession of a firearm in violation of § 53a-217 (a) (1).[9] Specifically, the defendant claims that "[e]xcising that judicial determination [that the defendant was the shooter] there is *no* independent evidence that [the defendant] possessed a firearm." (Emphasis in original.) This claim fails for the same reasons as the first: The court, as a separate and distinct fact finder, was free to consider all the evidence before it.

Among that evidence was the testimony of Tevin Williams, a coconspirator. Williams testified that on the evening of July 30, 2011, and into the following morning, he, the victim, Daryl McIver, and the defendant were hanging out in "the Hill" section of New Haven. Although the victim was a member of the "Crips" gang and Williams and the defendant were members of the rival "Bloods" gang, they all believed that they were free to associate with one another because the defendant's cousin was one of the victim's best friends.

They spent part of the evening committing armed robberies, during which the victim and the defendant both brandished guns while Williams searched their targets' pockets for loot. Williams testified that the victim "had something to prove" and bragged about assas-

sinating another member of the Bloods. After the defendant heard that, he told Williams that he planned to shoot the victim in retaliation and that, after doing so, he would leave his firearm next to the victim's body for Williams to recover.[10]

Williams testified that the defendant shot the victim several times and put the gun on the ground next to the victim's body as forewarned. While the defendant searched the body for the victim's gun, Williams retrieved the defendant's gun and turned to flee the scene. Williams heard at least two additional gunshots.[11] Later, Williams returned the defendant's gun to him.

Among other evidence, the state presented a surveillance video showing the shooting and surrounding events. Williams identified the three individuals in the video as himself, the victim and the defendant.

"A defendant who asserts an insufficiency of the evidence claim bears an arduous burden. . . . In reviewing the sufficiency of the evidence to support a criminal conviction we apply a two-part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . .

"On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the [finder of fact's] verdict of guilty." (Citation omitted; internal quotation marks omitted.) *State* v. *Reed*, 176 Conn. App. 537, 545–46, 169 A.3d 326, cert. denied, 327 Conn. 974, 174 A.3d 194 (2017).

The challenged element of criminal possession of a firearm; see footnote 9 of this opinion; is actual possession.[12] " 'Possess' means to have physical possession or otherwise to exercise dominion or control over tangible property . . . ." General Statutes § 53a-3 (2). There was sufficient evidence presented at trial for the court to conclude that the defendant had physical possession or control of, or exercise of dominion over, a firearm, not least of which was Williams' testimony that the defendant had wielded not one, but two guns, which was supported by the video and other physical evidence.[13] See, e.g., *State* v. *Williams*, 172 Conn. App. 820, 829, 162 A.3d 84 ("the [fact finder] may find a defendant guilty based solely on the testimony of one witness" [internal quotation marks omitted]), cert. denied, 326 Conn. 913, 173 A.3d 389 (2017).

The judgment is affirmed.

[1] The court, *Alander, J.*, declared a mistrial. The defendant was retried and found guilty by a jury of murder, robbery and carrying a pistol without a permit. His appeal from those convictions is pending before our Supreme

Court. See *State* v. *Harris*, SC 20022.

[2] The defendant's conviction is an appealable final judgment pursuant to Practice Book § 61-6 (a) (1). See *State* v. *Gupta*, 105 Conn. App. 237, 240–41 n.4, 937 A.2d 746, rev'd in part on other grounds, 297 Conn. 211, 998 A.2d 1085 (2010).

[3] Ordinarily, we would address sufficiency of the evidence claims first due to the nature of the remedy. See *State* v. *Lavigne*, 121 Conn. App. 190, 195, 995 A.2d 94 (2010), aff'd, 307 Conn. 592, 57 A.3d 332 (2012). In this case, however, because the defendant's insufficiency claim is founded on his constitutional claims, we will address those claims first.

[4] "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation . . . exists and . . . deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original; footnote omitted.) *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015).

[5] "[T]he plain error doctrine, codified at Practice Book § 60-5, is an extraordinary remedy used by appellate courts to rectify errors committed at trial that, although unpreserved [and nonconstitutional in nature], are of such monumental proportion that they threaten to erode our system of justice and work a serious and manifest injustice on the aggrieved party." (Internal quotation marks omitted.) *State* v. *Soyini*, 180 Conn. App. 205, 235, 183 A.3d 42, cert. denied, 328 Conn. 935, 183 A.3d 1174 (2018).

[6] "[Supervisory powers] are an extraordinary remedy to be invoked only when circumstances are such that the issue at hand, while not rising to the level of a constitutional violation, is nonetheless of utmost seriousness, not only for the integrity of a particular trial but also for the perceived fairness of the judicial system as a whole. . . . Constitutional, statutory and procedural limitations are generally adequate to protect the rights of the defendant and the integrity of the judicial system. Our supervisory powers are invoked only in the rare circumstance [in which] these traditional protections are inadequate to ensure the fair and just administration of the courts." (Internal quotation marks omitted.) *State* v. *Fuller*, 158 Conn. App. 378, 392, 119 A.3d 589 (2015).

[7] Specifically, the defendant directs our attention to the court's statement at sentencing as follows: "[T]he significant factor [here] is the circumstances surrounding . . . your possession of the firearm. I know the jury . . . could not reach a unanimous conclusion as it relates to . . . the murder charge . . . that you were facing, but I did find beyond a reasonable doubt . . . that you were in possession . . . of [a] handgun . . . based on the evidence presented. I also find that you used that gun to shoot [the victim], that you used that gun to shoot him multiple times. . . . [The victim] shot Jason Roman, you then shot and killed [the victim, Daryl McIver] in retaliation for his shooting of Mr. Roman, and all of it was gang related." The defendant ignores, however, the court's statement earlier that "I don't take into consideration in sentencing pending charges because . . . I don't know the validity . . . of those charges."

[8] See General Statutes § 53a-217 (b). Despite the defendant's claims to the contrary, this case does not in any way implicate *Apprendi* v. *New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and its progeny.

[9] General Statutes § 53a-217 (a) provides in relevant part: "A person is guilty of criminal possession of a firearm . . . when such person possesses a firearm . . . and (1) has been convicted of a felony . . . ."

[10] According to the Bloods' hierarchy, the defendant outranked Williams, who therefore was obliged to obey the defendant's orders.

[11] Although he heard gunshots ring out while he was in possession of the defendant's gun, Williams testified that he did not see the defendant possess the victim's gun. The victim suffered six gunshot wounds; the state presented evidence that at least eight shots were fired. Ballistics evidence established that two guns were used to fire those eight shots.

[12] The defendant does not dispute that there was sufficient evidence to prove beyond a reasonable doubt that he previously had been convicted of a felony.

[13] The court specifically stated: "I do credit Tevin Williams' testimony that . . . [the defendant] was in possession of a handgun . . . on July 31 . . . . I believe that testimony is supported by ballistics evidence as well." See

footnote 11 of this opinion.